IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BRATTON,        ) | No. C 08-2788 JSW (PR) |
| )                      Plaintiff, ) | |
| ) | **ORDER OF DISMISSAL WITH** |
| v.                     ) | **LEAVE TO AMEND** |
| ) | |
| BEN CURRY, Warden, et al, ) | |
| ) | (Docket No. 2) |
| Defendants.            ) | |
| ) | |

      Plaintiff, currently incarcerated at the Correctional Training Facility in Soledad, California, has filed a civil rights complaint complaining about his loss of a paying prison job. In addition, he complains about a staff member's retaliatory negative report regarding his plans to the parole board. Plaintiff further complains about the classification system by which he is housed in the prison system and about the medical care he has received while incarcerated. Plaintiff has filed a motion to proceed *in forma pauperis* (docket no. 2), which is GRANTED in a separate order filed simultaneously. In this order, the Court reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismisses the amended complaint with leave to amend within thirty days.

## DISCUSSION

      Plaintiff has filed a lengthy complaint involving 41 different Defendants, 20 of whom are unidentified "Doe" Defendants and many seemingly unrelated claims. The claims in the complaint are wide-ranging and include violations of the Americans with Disabilities Act, First Amendment and retaliation claims, as well as due process, Double

Jeopardy, Eighth Amendment, Equal Protection and Ex Post Facto violations.  However, aside from listing the Defendants with each claim, Plaintiff has failed to set forth factual allegations which clearly identify the responsible Defendants and to set forth a concise statement regarding the substance of each claim and the actions of each Defendant that gave rise to the complaint.  He has also failed to include only properly joined Defendants in this action.  Therefore, the complaint is dismissed with leave to amend as set forth below.

I       Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

II      Legal Claims

Plaintiff's complaint includes a lengthy recitation of facts, a separate list of legal claims, a list of Defendants for each claim and a number of identified claims but fails to identify which actions of each individual Defendant violated his rights with regard to each of his stated claims.  A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the

1  Federal Rules of Civil Procedure.  *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5
2  (9th Cir. 1982).  District courts must afford pro se prisoner litigants an opportunity to
3  amend to correct any deficiency in their complaints.  *Lopez v. Smith,* 203 F.3d 1122,
4  1126-27 (9th Cir. 2000) (en banc).

5  Further, the complaint does not comply with the requirement that the averments
6  be "simple, concise, and direct."  Rule 8(d) requires that each averment of a pleading be
7  "simple, concise, and direct," and may be the basis for dismissal.  *McHenry v. Renne*, 84
8  F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was
9  "argumentative, prolix, replete with redundancy, and largely irrelevant").  The complaint
10 here does not comply with Rule 8(d).  There are not simple, concise and direct
11 averments, and instead the factual allegations are intertwined with legal argument and
12 are excessively lengthy and complicated.

13 Plaintiff's complaint fails to provide a short and plain and separate statement
14 regarding each claim: the specifics regarding the mistreatment he suffered, how it
15 violated his constitutional rights, whether he suffered any injury as a result, and the
16 specific conduct of each individual Defendant that he asserts is responsible for a
17 constitutional violation.  Plaintiff must specifically identify what each named Defendant
18 did or did not do in order to state a claim with regard to each separate claim.  If he
19 contends any Defendant is liable for more than one of the claimed constitutional
20 violations, he must specify that.  As such, Plaintiff will be granted leave to amend to
21 allege specifics.

22 In his amended complaint, Plaintiff must establish legal liability of each person
23 for the claimed violation of his rights.  Liability may be imposed on an individual
24 defendant under section 1983 if the plaintiff can show that the defendant proximately
25 caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628,
26 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A

person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634.

With regard to the supervisory employees named, Plaintiff should be mindful that a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).

Moreover, the claims in the complaint are not properly joined. Federal Rule of Civil Procedure Rule 20 provides,

> All persons. . .may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action.

F. R. Civ. P. 20(a) (emphasis added). Further, Rule 21 provides that where parties are misjoined, they may be "dropped or added by order of the court . . .on such terms as are just. F. R. Civ. P. 21; *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

In this case, Plaintiff asserts many unrelated claims against different Defendants. This Court is unable to determine which of the many claims is Plaintiff's primary

4

complaint. Therefore, the Court now dismisses the complaint with leave to amend.

The amended complaint must comply with Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) requires that a plaintiff cannot assert a grab-bag of unrelated claims against different defendants. In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Claims that do not satisfy Rule 20(a) must be alleged in separate complaints filed in separate actions or they will be dismissed by the Court.

Plaintiff might be able to state a claim upon which relief may be granted if he can in good faith allege facts which clearly and briefly identify the injury he suffered, or continues to suffer, personally as a result of the alleged actions of individual Defendants; identify specifically and link to his allegations to the responsible parties. Without this basic information, the complaint cannot proceed. The complaint need not be long. In fact, a brief and clear statement of each properly joined claim listing each Defendant's actions regarding that claim is preferable. The amended complaint should comply with Rule 8 and provides a more coherent and a less verbose and argumentative recitation of the claims regarding each alleged constitutional violation. Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above. Plaintiff shall file an amended complaint within ***thirty (30) days from the date of this order*** in which he asserts factual allegations against all Defendants named therein. The amendment must include the caption and civil case number used in this order and

5

the words "COURT ORDERED AMENDED COMPLAINT" on the first page.  Failure to amend within the designated time will result in dismissal of the complaint.

2.  Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).

3.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: November 25, 2008

JEFFREY S. WHITE
United States District Judge

6

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE | |
| NORTHERN DISTRICT OF CALIFORNIA | |

RONALD BRATTON,

      Plaintiff,

  v.

BEN CURRY et al,

      Defendant.
      _____/

Case Number: CV08-02788 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald Bratton
P.O. Box 689
J45341
Soledad, CA 93960-0689

Dated: November 25, 2008

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk